**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:03-CR-244-H |
| | ) | (3:05-CV-1602-H) |
| TERENCE ANDERSON, | ) | ECF |
|     Defendant/Movant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a motion to vacate, set aside or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties: Movant is presently confined at the Federal Correction Institution in Seagoville, Texas. The Court did not issue process in this case pending preliminary screening.

Statement of the Case: On July 8, 2003, Movant was named in a three-count indictment which charged him with possession of unregistered firearms, possession of firearms bearing no serial number, and unlawful possession of machine guns. Following the denial of his motion to suppress, Movant pled guilty to Count 1 of the indictment pursuant to a plea agreement which reserved his right to appeal the denial of the motion to suppress. The District Court assessed punishment at thirty-six months imprisonment, a three-year term of supervised released, and a

fine in the amount of $20,000. The remaining counts were dismissed on the Government's motion. On direct appeal, the Fifth Circuit affirmed the denial of Movant's motion to suppress. See United States v. Anderson, No. 04-10232 (5th Cir. Dec. 15, 2004). Thereafter, the Supreme Court denied his petition for writ of certiorari on May 31, 2005. See No. 04-1450.

In this timely § 2255 motion, filed on August 11, 2005, Movant again seeks to challenge the denial of his motion to suppress. He couches his claims in terms of ineffective assistance of counsel at the hearing on the motion to suppress and on direct appeal. With respect to the former, he alleges that counsel's ineffective assistance at the suppression hearing rendered his guilty plea involuntary. Specifically, he alleges that counsel improperly waived all arguments with respect to the private search doctrine except for the issue of lack of forseeability, and failed to argue that the burden to prove the warrantless search was improperly placed on Movant instead of the government. With respect to his claims of ineffective assistance of appellate counsel, Movant asserts counsel failed to raise on direct appeal the issues waived by counsel at the suppression hearing, and the government's burden to establish the warrantless search.

Findings and Conclusions: Rule 4(b), of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in pertinent parts as follows:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

This § 2255 motion does not present any basis for collateral relief and should be summarily dismissed.

To establish ineffective assistance of counsel in the context of a guilty plea, a defendant must demonstrate (1) that counsel's performance was deficient, and (2) that there is a reasonable probability that, but for counsel's errors, defendant would not have pled guilty and would have

2

insisted on going to trial (the prejudice prong).  Hill v. Lockhart, 474 U.S. 52, 57-59 (1985); Strickland v. Washington, 466 U.S. 668, 687-88 (1984); United States v. Payne, 99 F.3d 1273, 1282 (5th Cir. 1996).  A court need not address both components of this inquiry if the defendant makes an insufficient showing on one.  Strickland, 466 U.S. at 697.

Movant cannot establish the prejudice prong with respect to his claims of ineffective assistance of counsel at the hearing on the motion to suppress.  On direct appeal, the Fifth Circuit upheld the warrantless search of the hidden compartment within his home where the unregistered firearms were located.  See United States v. Anderson, No. 04-10232, slip op. at 2.  The Circuit concluded that the private search by Movant's wife of the hidden compartment was reasonably foreseeable in light of her "status as co-owner and co-occupant of the marital home," and that Movant's wife was authorized to give valid consent to the search given her "equal rights to the use and occupation of the marital home." Id.

Movant's conclusory assertion that his wife was an agent of the government (Memorandum in Support of § 2255 Mot. at 18-21, 23-24) amounts to mere speculation.  Movant has presented nothing to establish that his wife was a government agent at the time of the private search.  The fact that she subsequently may have signed a non-prosecution agreement with the government, as Movant asserts, is immaterial.  (Id. at 18).  Movant own allegations establish that the private search occurred before any alleged signing of the nonprosecution agreement.  (Id.).

Likewise any argument based on the lack of exigent circumstances is meritless. (Memorandum in Support at 27).  A warrantless search violates the Fourth Amendment absent consent or probable cause and exigent circumstances.  In this case, the Fifth Circuit found valid consent by Movant's wife.  Such a finding foreclosed the need to determine whether exigent

circumstances existed.

Movant also challenges his counsel's failure to object to the District Court's placing the burden on Movant instead of the government to justify the warrantless search.  This claim is patently frivolous.  At page 5 of its Order and Findings of Fact and Conclusions of Law, filed on October 6, 2003, the District Court specifically found that the Government had the burden to establish the constitutionality of the warrantless search by a preponderance of the evidence.  Insofar as Movant argues that the District Court improperly placed on him the burden to rebut the private search doctrine (Memorandum in Support at 24), his claim is wholly unsupported and patently frivolous.

Accordingly, Movant's claims of ineffective assistance of counsel at the hearing on the motion to suppress should be denied.

Movant's claims that appellate counsel rendered ineffective assistance fare no better.  Appellate counsel is not required to raise every nonfrivolous issue on appeal, "but rather may select from among them in order to maximize the likelihood of success on appeal."  Smith v. Robbins, 528 U.S. 259, 288 (2000).  Indeed, it is counsel's professional duty to choose among potential issues, according to his judgment as to their merit and his tactical approach.  Jones v. Barnes, 463 U.S. 745, 752 (1983).  Here counsel did just that.  He raised two grounds on direct appeal challenging the search of the hidden compartment by Movant's wife – namely that the private search was not reasonably forseeable and, alternatively, that Movant's wife lacked actual or apparent consent.  United States v. Anderson, Slip Op. No. 04-10232, at 2.

The Court further notes that Movant's additional claims regarding the private search doctrine and the burden of proof (see Memorandum in Support at 38) are meritless as set out more fully above.  As a result, appellate counsel was not ineffective in failing to raise these

issues on direct appeal.  See Smith v. Puckett, 907 F.2d 581, 585 n. 6 (5th Cir. 1990) (counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim).

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court deny and dismiss Movant's motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255.

A copy of this recommendation will be mailed to Movant.

Signed this 3rd day of January, 2006.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.